AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District | Eastern District of Pennsylvania |
|---|---|---|

| Name   Darryl L. Jones | Prisoner No.   DT3384 | Case No. |
|---|---|---|

**1: CV-00-2183**

Place of Confinement

State Correctional Institution, 1 Kelley Drive, Coal Township, PA 17866-1021

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| DARRYL L. JONES | v.   FRANK D. GILLIS |

The Attorney General of the State of: Mike Fisher, Commonwealth of Pennsylvania

**PETITION**

In the Court of Common

1. Name and location of court which entered the judgment of conviction under attack _____
   Pleas, Dauphin County, Pennsylvania.

2. Date of judgment of conviction ___ September 17, 1998

3. Length of sentence ___ Forty-Five (45) months to Hundred-Eighty (180) months.

4. Nature of offense involved (all counts) ___ Three (3) Counts Forgery, One (1) Count Theft By
   Deception and One (1) Count Criminal Attempt (Theft By Deception).

FILED
SCRANTON

DEC 1 5 2000

PER _____

5. What was your plea? (Check one)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

AO 241 (Rev. 5/85)

improperly relied upon the fact that Petitioner forged U.S. currency, a

factor already considered in grading the offense as a felony on the

second degree.

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒
             Denied.
(5) Result _____
                    September 24, 1998.
(6) Date of result _____

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court _____

(2)  Nature of proceeding _____

_____
                            None
(3)  Grounds raised _____

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐                   None
(5)  Result _____

(6)  Date of result _____

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐   No ☐
(2) Second petition, etc.       Yes ☐   No ☐

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
                            None

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

CONTINUED  FROM  PAGE  4
Subsection  12

GROUNDS  FOR  RELIEF

CONTINUED FROM PAGE 4
( Subsection 12 )

GROUNDS FOR RELIEF

Ground one:    Trial court abused it's discretion and denied Petitioner due process and equal protection of the law by it's failure to suppress evidence obtained in violation of his right to be secure against illegal stop, detention, interrogation, and search and seizure without probable cause.

Ground two:    Trial court abused it's discretion and denied Petitioner due process and equal protection of he law by sentencing him to an illegal sentence in the aggravated range of the sentencing guidelines and by imposing three separate sentences consecutively for an aggregate sentence of Forty-Five (45) to One Hundred and Eighty (180) months.

Ground three: Appointed trial counsel denied Petitioner due process, effective assistance of counsel, and equal protection of the law by his failure to raise and preserve challenge to the sufficiency of the evidence introduced during Petitioner's trial to support finding him guilty on three (3) Counts of Forgery, prior to, during or after trial.

Ground four:  Appointed    direct    appeal    counsel    denied Petitioner due process, effective assistance of counsel on appeal, and equal protection of the law on his failure to raise and preserve issue   on   the   fact   of   this   record   relevant   to   trial   counsel's

1

ineffectiveness for failure to challenge the sufficiency of the evidence produced during Petitioner's trial to support finding him guilty on three (3) Counts of Forgery, prior to, during or after trial.

Ground five: Appointed direct appeal counsel denied Petitioner due process, effective assistance of counsel on appeal, and equal protection of the law based on his failure to raise and preserve issue on the face of this record relevant to the insufficiency of the evidence produced during Petitioner' trial to support finding him guilty on three (3) Counts of Forgery in his appellate court brief.

Ground six: Appointed direct counsel denied Petitioner due process, effective assistance of counsel on direct appeal, and equal protection of the law based on his failure to file timely petition for allowance of appeal in the Pennsylvania Supreme Court as requested, raising and preserving above issues relevant to suppression of evidence and illegal, and on the face of this record relevant to direct appeal counsel's ineffectiveness for failure to raise and preserve trial counsel's ineffectiveness for failure to raise and preserve challenge to the sufficiency of the evidence produced during Petitioner's trial to support finding him guilty on three (3) Counts in appellate court brief and prior to, during or after trial.

Ground seven: Appointed direct appeal counsel denied

2

Petitioner due process, effective assistance of counsel on direct appeal, and equal protection of the law based on his failure to file timely petition for allowance of appeal to the Pennsylvania Supreme Court as requested, raising and preserving above issues relevant to suppression of evidence and illegal sentence, and on the face of this record relevant to trial counsel's ineffectiveness for failure raise and preserve challenge to the sufficiency of the evidence produced during Petitioner's trial to support finding him guilty on three (3) counts of Forgery, prior to during or after trial.

Ground eight: Appointed direct appeal counsel denied Petitioner due process, effective assistance of counsel on appeal, and equal protection of the law based on his failure to file timely petition for allowance of appeal to the Pennsylvania Supreme Court as requested, raising and preserving above issues relevant to suppression of evidence and illegal sentence, and on the face of this record relevant to the insufficiency of the evidence produced during Petitioner's trial to support finding him guilty on three (3) Counts of Forgery.

# STATEMENT OF THE FACTS

## STATEMENT OF THE FACTS

On September 16 1998, a jury trial commenced in this matter in the Court of Common Pleas of Dauphin County, Pennsylvania. Prior to trial a hearing on pretrial Suppression of Evidence Motion was heard.

During the hearing Victoria Beamesderfer, an employee at "The Wall" music store in the Harrisburg East Mall, testified that she had been working at the store when the Petitioner attempted to make a purchase with what appeared to be an authentic one hundred dollar bill on February 7, 1998. Ms. Beamesderfer testified that after this bill was held up to the light, it was determined by another employee that it was counterfeit.

After it was determined that the bill was counterfeit, Ms. Beamesderfer observed another employee, Stephanie Weaver, call Mall Security in the Petitioner's presence. During this time where Ms. Weaver audibly indicated that the bill was counterfeit, and while she called Mall Security, the Petitioner remained at the store counter.

At some point, Officer Darrell Reider arrived with mall security to "The Wall" music store. Officer Reider asked the Petitioner for identification. Because the Petitioner was unable to produce any identification and was sweating and "acting nervously" Officer Reider determined he would stop and detain him for further interrogation and investigation. Officer Reider physically took hold of the Petitioner's arm and took him to the back of the store for interrogation.

1

investigation determined that the Petitioner had made transactions with one hundred dollar bills at other stores, as a consequence the Petitioner was charged with three (3) separate criminal instances of Forgery under 18 Pa.C.S.A. § 4101 et seq.

The Petitioner was also interviewed and interrogated by Secret Service Agent Stephen White after his initial arrest. He answered several questions put to him by Agent White concerning the crimes charged. The Petitioner informed Agent White that he did not pass any bill in the other stores and the bill he attempted to use at "The Wall" was given to him by someone he had given change in the mall, and he did not know that it was a counterfeit $100 bill.

At trial the Commonwealth used statements given by the Petitioner as well as the items found on his person and in his "bag." There is evidence on record that reflects the $100 bill used at "The Wall" appeared to be normal. It was established that the way to determine that it was counterfeit by holding it up to the light and looking for the security strip. Significantly, the trial record does not reflect any evidence introduced by the Commonwealth which prove the Petitioner passed the $100 bills which were found to have been passed at the other stores and/or knew that any of the bills in question were counterfeit. The Petitioner was found guilty at trial on all charges and sentenced to an aggregate sentence of 45 to 180 months.

On September 17, 1998, the Petitioner's appointed trial counsel filed a Modification of Sentence Motion on his behalf. This Motion asserted that the sentencing court failed to state sufficient reason on the record for sentencing him in the aggravated range and

3

improperly relied upon the fact that Petitioner forged U.S. currency, a factor already considered in grading the offense as a felony in the second degree. This Motion was denied on September 24, 1998.

Timely Notice of Appeal to the Superior Court of Pennsylvania was filed on October 5, 1998. The following issues were raised on this appeal:

1.    Whether the trial court abused its discretion by sentencing Petitioner in the aggravated range of the sentencing guidelines and by imposing three separate sentences consecutively for an aggregate sentence of 45 to 180 months?

2.    Whether the trial court erred by failing to suppress evidence obtained against the Petitioner while he was detained, searched and questioned?

This appeal was denied on August 26, 1999.

On or about September 1, 1999, the Petitioner received a letter from Assistant Public Defender of the Office of Public Defender of Dauphin County Pennsylvania, Kevin R. Helm, Esq., which had enclosed a copy of the Judgment and Memorandum of the Superior Court and also advising him that the Office of Public Defender would not file a petition for allowance of appeal on his behalf.

The Petitioner was subsequently informed by a paralegal clerk in the SCI, Coal Township prisoner Law Library that he should write Mr. Helm and make a formal request that he file a Petition For Allowance of Appeal to the Supreme Court of Pennsylvania on his behalf.

On September 16, 1999, the Petitioner wrote Mr. Helm requesting that he file a Petition For Allowance of Appeal to the Supreme Court

4

on his behalf.

The Petitioner received a letter from Mr. Helm dated September 21, 1999, wherein he informed Petitioner again that the Office of Public Defender would not file a Petition For Allowance of Appeal to the Supreme Court of Pennsylvania on his behalf.

On or about October 2, 1999, the Petitioner once again discussed his situation with a paralegal clerk in the prisoner Law Library who suggested that due to the fact that the time to file a petition for allowance of appeal to the Supreme Court of Pennsylvania had expired he should file a nunc pro tunc request for allowance of appeal to that court.

On October 8, 1999, the Petitioner, pro se filed his Application To File Petition For Allowance Of Appeal Nunc Pro Tunc based on the fact that appointed s failure to file requested appeal.

The Supreme Court of Pennsylvania denied the Petitioner's Application by Order dated February 7, 2000.

C O N T I N U E D   F R O M   P A G E   6
S u b s e c t i o n   13

CONTINUED FROM PAGE 6
( Subsection 13 )

refused to file timely petition for allowance of appeal as requested. These claims were subsequently presented to the Supreme Court of Pennsylvania by the Petitioner in a pro se Application To File Petition For Allowance Of Appeal Nunc Pro Tunc and subsequently denied.

C. Ground three, D. Ground four, E. Ground five, F. Ground seven, and H. Ground eight claims for relief were not presented to the State Courts. Petitioner's appointed counsel on direct appeal who knew or should have known from an exercise of due diligence these claims were on the face of this record and were meritorious. However, he failed to raise and preserve them in his appellate court brief and thereafter refused to file requested petition for allowance of appeal in the Supreme Court of Pennsylvania as requested. Petitioner did not become aware of appointed counsel on direct appeal deficient performance until after his pro se Application To File Petition For Allowance Of Appeal Nunc Pro Tunc had been denied.

Subsequent to the denial of Petitioner's pro se Application To File Petition For Allowance Of Appeal Nunc Pro Tunc, he was in the SCI, Coal Township prisoner's Law Library seeking further assistance with his case. On this occasion he met another prisoner with whom he began talking about the facts, circumstances and procedural history of his case. After this initial conversation the prisoner suggested that he be permitted to read all of Petitioner's legal papers in his possession about his case.

1

During a subsequent visit to the Law Library the prisoner made Petitioner aware that based on the facts and information in his legal papers he believe there was strong evidence from which it could reasonably be concluded that <u>all</u> of Petitioner's prior counselors' representations were ineffective. The prisoner stated that there appeared to be strong evidence of arguable merit in his legal papers that the evidence introduced during Petitioner's trial to support finding him guilty on three (3) Counts of Forgery did not prove an essential element of the crime of Forgery. The prisoner indicated that there was no evidence on the record of this case that prove the Petitioner passed the $100 bills on three (3) different occasions and/or knew that they were counterfeit (forged).

The prisoner explained to the Petitioner that since the evidence introduced during his trial did not prove that he has passed and/or attempted to pass <u>all</u> the $100 bills and he knew they were counterfeit (forged), he should not have been convicted of Forgery under 18 Pa.C.S.A. 4101 et seq. The prisoner told the Petitioner that his trial counsel should have exposed these essential missing elements in the Commonwealth's prosecution of him for Forgery by a challenge to the sufficiency of evidence prior to (pre-trial motion for habeas corpus), during (demurrer to evidence at close of Commonwealth's case-in-chief and/or motion for judgment of acquittal at the close of all evidence) or after trial (motion in arrest of judgment after finding of guilt and/or motion for post sentence relief).

The prisoner further told the Petitioner that his appointed counsel on direct appeal did not render him effective assistance of

2

counsel on direct appeal. The prisoner explained to the Petitioner that since there was strong evidence of arguable merit on the face of the record of his case that the Commonwealth did not prove that he passed and/or attempted to pass all the $100 bills in question and/or knew they were counterfeit thus he should not have been convicted on three Counts of Forgery and his trial counsel failed to challenge the sufficiency of the Commonwealth's evidence, appointed counsel on direct appeal should have raised and preserved the issue of trial counsel's ineffectiveness and/or raised and preserved the issue himself in context of ineffective assistance of trial counsel. The prisoner indicated to the Petitioner that his appointed counsel on direct appeal should have raised this issue in the Superior and/or Supreme Court of Pennsylvania in context of ineffective assistance of trial counsel since it reasonable could have been discovered through the exercise of due diligence by review of the trial court notes of testimony and other documents relevant to his case.

The prisoner further informed the Petitioner that since:

1.    trial counsel failed to challenge the sufficiency of the Commonwealth's evidence to support his conviction on three (3) Counts of Forgery when there was insufficient evidence produced at trial which proved Petitioner passed and/or attempted to pass all he was convicted on and/or knew they were counterfeit (forged);

2.    appointed counsel on direct appeal failed to raise and preserve trial counsel's ineffectiveness for failure to challenge the sufficiency of he Commonwealth's evidence to support the Petitioner's conviction on three (3) Counts of Forgery when through an exercise of due diligence he would have discovered that the trial court record was insufficient to support Petitioner's conviction on Forgery; and

3.    appointed counsel on direct appeal refused to file

3

requested petition for allowance of appeal to the Supreme Court of
Pennsylvania for review of issues relevant to suppression of
evidence and illegal sentence, and meritorious issues of arguable
merit on the face of this record relevant to the sufficiency of the
evidence to sustain Petitioner's conviction of Forgery.

constituted ineffective assistance of <u>all</u> prior counsel for failure
to raise and preserve for review meritorious issues of arguable
merit on the face of the record entitling him to review of these
claims for relief under the factual innocence, fundamental
miscarriage of justice and/or constitutionally ineffective
assistance of counsel standards.

The prisoner told Petitioner that he was entitled to federal
habeas corpus review of his conviction because such review was his
first opportunity to challenge the constitutionally effectiveness
and stewardship of <u>all</u> prior counselors who no longer represent him.
Additionally, the prisoner told the Petitioner that because his
appointed counsel on direct appeal refused to file a timely petition
for allowance of appeal to the Supreme Court of Pennsylvania he was
denied a full and fair review in the State Courts and United States
Supreme Court on his Fourth Amendment claim that his stop,
detention, interrogation, search and seizure was without probable
cause.

Subsequently, based on the foregoing mentioned information
provided to the Petitioner by the prisoner, Petitioner asked him for
his help to file this Petition under 28 USC 2254 for Writ of Habeas
Corpus By a Person in State Custody.

4

O 241 (Rev. 5/85)

See Attached "GROUNDS FOR RELIEF"

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____
See Attached "STATEMENT OF THE FACTS".

_____

_____

_____

_____

See Attached "GROUNDS FOR RELIEF".

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____
See Attached "STATEMENT OF THE FACTS".

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court (state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
A. Ground one and B. Ground two claims for relief were not timely presented to the Supreme Court of Pennsylvania because appointed direct appeal counsel

( CONTINUED ON ATTACHED PAGE)

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:                    Office of Public Defender of Dauphin  County, George F.
(a) At preliminary hearing _____
Shultz, Chief Public Defender, 112 Market St., Harrisburg, PA 17108-1295.

                    Dauphin County Office of Public Defender, Christopher F.
(b) At arraignment and plea _____
Wilson, Esq., 112 Market St., Harrisburg, PA 17108-1295

**I: CV-00.2183**

Mary D. Andrea
Clerk of Court
United States District Court
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 983
Harrisburg, Pa. 10107
Monday, December 04, 2000


Dear Mary D. Andrea

     Enclosed you will find four (4) copies of my Petition Under 28 U.S. C. 2254 FOR Writ Of Habeas Corpus By A Person In State Custody which I request to be filed with the Court. You will also find enclosed my check in the amount of five dollars ($5.00) to cover the fee associated with filing these documents. It is requested that you return to me one (1) copy of these documents date and time stamped "FILED".

     Thanking you in advance for your assistance and cooperation in the furtherance of this matter.

Sincerely Yours,

Darryl L. Jones

Darryl L. Jones
DT3384

FILED
SCRANTON

DEC 1 5 2000

PER _____ DEPUTY CLERK

Community Center #11
407 N. 8th street
PHiladelphia, PA 19123

cc: File
    Enclosure (Check)