IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL L. JONES,
    Petitioner

vs.

CIVIL ACTION NO. 1:CV:00-2183
(Judge Rambo)
(Magistrate Judge Smyser)

FRANK D. GILLIS, ET AL.,
    Respondents

**RESPONDENTS' BRIEF IN SUPPORT OF MOTION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

TO THE HONORABLE J. ANDREW SMYSER, UNITED STATES MAGISTRATE JUDGE:

AND NOW, comes Edward M. Marsico, Jr., District Attorney of Dauphin County, by James P. Barker, Deputy District Attorney, who, on behalf of the Respondents, files this answer to the petition for writ of habeas corpus, and in support thereof, avers the following:

On December 15, 2000, Petitioner, Darryl L. Jones, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Jones claims that his conviction in the Court of Common Pleas of Dauphin County, Pennsylvania, is in violation of the Constitution of the United States. Respondent, Frank D. Gillis, Superintendent of the State Correctional Institution at Coal Township, has moved for dismissal of the Petition, and submits this Brief in Support of Motion to Dismiss Petition for Writ of Habeas Corpus. Succinctly stated, Jones' Petition is untimely and subject to dismissal pursuant to 28 U.S.C. §2254(d).

I.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 7, 1998, Jones was shopping at The Wall music store in the Harrisburg East Mall. He attempted to purchase an audiocassette worth approximately $12.00 with what appeared to be a one hundred dollar ($100.00) bill. The cashier held the bill up to the light and determined that the bill was counterfeit. Although aware that the cashier was calling Mall security, Jones did not leave the premises.

Police Officer Darrell Reider was working patrol in the Mall and arrived at the same time as Mall security. Officer Reider detained Jones and requested assistance from an officer with more experience in counterfeit scenarios. Jones gave Officer Reider consent to search his (Jones') bag. The search revealed receipts for stores where other counterfeit bills were found to have been passed.

Jones was charged with three counts of forgery, one count of theft by deception, and one count of criminal attempt theft by deception.

On September 16, 1998, a hearing on Jones' motion to suppress evidence was conducted, and the court denied the motion at the conclusion of the hearing. A jury trial commenced, and on September 17, 1998, the jury found Jones guilty of all charges. Jones was sentenced on the same day to an aggregate term of incarceration of forty-five (45) months to one hundred eighty (180) months in a state correctional facility. The sentence represents "aggravated range" sentences for each forgery conviction, all run consecutively. In addition, the court imposed fines in the amount of $1,700.00, costs of prosecution, and restitution in the amount of $200.00.

Jones filed a motion to modify sentence, which was denied on September 24, 1998. Jones then pursued a direct appeal to the Pennsylvania Superior Court, which affirmed the conviction and sentence by Memorandum Opinion filed August 26, 1999. No petition for allocatur was filed with the Supreme Court of Pennsylvania.

On October 8, 1999, Jones filed an "Application to File Petition for Allowance of Appeal <u>Nunc Pro Tunc</u>," which was denied on February 7, 2000. The instant Petition for Writ of Habeas Corpus followed.

II.

QUESTION PRESENTED

A. IS A PETITION FOR WRIT OF HABEAS CORPUS SUBJECT TO DISMISSAL WHEN THE PETITIONER FAILS TO FILE A TIMELY PETITION FOR DISCRETIONARY REVIEW WITH THE STATE SUPREME COURT AND THE PETITION FOR WRIT OF HABEAS CORPUS IS FILED MORE THAN ONE YEAR AFTER THE TIME FOR DOING SO HAS EXPIRED?

III.

ARGUMENT

Respondent moves for dismissal under Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) may be granted only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint. In re Warfarin Sodium Antitrust Litigation, 214 F.3d 395 (3rd Cir. 2000) (quoting Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.2d 478, 483 (3rd Cir. 1998)).

The Federal Rules of Civil Procedure apply to proceedings under Section 2254, as long as they are consistent with the Rules Governing Section 2254 Proceedings in the United States District Courts. Rule 11, Rules Governing Section 2254 Proceedings, 28 U.S.C. following §2254. Rule 12(b)(6) is consistent with the Rules Governing Section 2254 Proceedings. White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). See also Ukawabutu v. Morton, 997 F. Supp. 605,

4

608 (D.N.J. 1998) (court has discretion to permitting of motion to dismiss a petition for writ of habeas corpus if issues appropriate for summary resolution).

The relevant statutory provision reads:

\* \* \*

> (d)(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)  The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)(A), (2).

In <u>Swartz v. Meyers</u>, 204 F.3d 417, 420-24 (3rd Cir. 2000), the Court of Appeals for the Third Circuit held that the limitation period under Section 2244(d) is tolled during the period of time between the ruling of an intermediate appellate court and the date on which a petition for discretionary review by the state's high court is due, i.e., the date on which the Superior Court affirmed and the date on which a petition for allocatur is due.  However, the Third Circuit declined to reach the question of whether the time period was tolled during which a petition for leave to appeal <u>nunc pro tunc</u> was pending. <u>Id</u>., at 424 n.7. However, another district court of this Circuit has held that the limitation period under Section 2244 begins to run when a petition for allocatur was due, when no

5

such petition is filed. Lomazoff v. Walters, 63 F.Supp.2d 663, 666 (E.D. Pa. 1999).

For present purposes, Jones' conviction became final for purposes of Section 2244 on the date on which his petition for allocatur was due, which was 30 days after the Superior Court ruled, Pa.R.App.P. 1113(a), or September 27, 1991.[1] In addition, Jones waived his right to file a petition for a writ of certiorari with the Supreme Court of the United States because he failed to file a petition for allocatur with the Supreme Court of Pennsylvania, so that the limitation period is not tolled during the 90-day period for filing a petition for certiorari. See generally, SUP. CT. R. 13.1 (petition for certiorari timely if filed within 90 days of judgment of state court of last resort or denial of petition for discretionary review by state court of last resort; no provision for certiorari directly from intermediate state appellate court).[2]

Based on the Petition for Writ of Habeas Corpus, it appears that Jones will attempt to rely on two asserted grounds for tolling the limitations period. The first is the failure of appointed counsel to file a petition for allocatur despite an alleged demand by Jones to do so, which Jones claims constitutes ineffective assistance of counsel. Actually, the Sixth Amendment right to counsel extends to the first appeal of right to counsel extends to the first appeal of right and not to any forum for discretionary review. Austin v. United States, 513 U.S. 5, 8 (1994).

---

[1] Actually, the date would have been September 25, 1999, but that date fell on a Sunday.

[2] The Supreme Court has the authority to prescribe Rules which govern the time for filing a petition for certiorari under 28 U.S.C. §2101(d).

There can be no ineffective assistance in a proceeding to which the right to counsel does not attach.

The second potential ground for tolling is the filing by Jones of his Petition for Allowance of Appeal <u>Nunc Pro Tunc</u>. Such a petition, however, is not a part of the normal appeals process but a request for extraordinary relief. <u>Union Electroc Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County</u>, 560 Pa. 481, 486, 746 A.2d 581, 584 (2000). It is in the nature of a request to reopen a final judgment, not a continuation of proceedings that are not final. There is no basis for tolling under Section 2244(d) while a petition for extraordinary relief is pending.

In this context, it also should be noted that a petition for allowance of appeal <u>nunc pro tunc</u> is not a petition for collateral relief under Pennsylvania law. Rather, collateral relief is governed exclusively by the provisions of the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, <u>et seq</u>. The two types of petitions are entirely separate matters. While the latter may be a basis for tolling the limitation period, the former is not.

In short, Jones had one year from September 27, 1999, or until September 27, 2000, to file his Petition for Writ of Habeas Corpus. No provision of Section 2244 tolls the limitation period, and the statute bars the Petition filed December 15, 2000.

7

IV.

## CONCLUSION

WHEREFORE, Respondents respectfully request that this Honorable Court dismiss the Petition for Writ of Habeas Corpus pursuant to Fed.R.Civ.P. 12(b)(6), 28 U.S.C. §2244(d).

Respectfully submitted,

*James P. Barker*

James P. Barker
Deputy District Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL L. JONES,
    Petitioner

vs.

FRANK D. GILLIS, ET AL.,
    Respondents

CIVIL ACTION NO. 1:CV-00-2183
(Judge Rambo)
(Magistrate Judge Smyser)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the Respondents' Brief in Support of Motion to Dismiss Petition for Writ of Habeas Corpus in the above-captioned matter was sent, on the below stated dated, to the Petitioner, Darryl L. Jones, DT-3384, at the State Correctional Institution at Coal Township, 1 Kelley Drive, Coal Township, Pennsylvania 17866-1021.

*James P. Barker/dlm*
James P. Barker
Deputy District Attorney
Dauphin County Court House
Front and Market Streets
Harrisburg, Pennsylvania 17101
(717) 255-2770
Attorney for Respondents

Dated: February 12, 2001