All parties
CT, MJ,
Tickler

8
3/12/01
dsm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL L. JONES, | : CIVIL NO. 1:00-CV-2183 |
| Petitioner | : (Judge Rambo) |
| v. | : (Magistrate Judge Smyser) |
| FRANK D. GILLIS, | : |
| Respondent | : |

FILED
HARRISBURG

MAR 0 9 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### REPORT AND RECOMMENDATION

It is recommended that this 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied for the reason that the petitioner did not comply with the provision of 28 U.S.C. § 2244(d) requiring that a 28 U.S.C. § 2254 petition for a writ of habeas corpus by a state prisoner be brought if at all within one year after the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. As set forth by the respondent and not rebutted by the petitioner, the relevant background chronology is:

    1. On December 15, 2000, Petitioner, Daryl L. Jones, filed a petition for a writ of

habeas corpus asserting eight (8) grounds for relief.

   2. On September 17, 1998, after a two-day jury trial, Jones was convicted in the Court of Common Pleas of Dauphin County of three counts of forgery, one count of theft by deception, and one count of criminal attempt (theft by deception).

   3. Jones was sentenced on September 17, 1998, to an aggregate term of incarceration of forty-five (45 months) to one hundred eighty (180) months, fines in the amount of $1,700.00, costs of prosecution, and restitution in the amount of $200.00.

   4. Jones filed a motion to modify sentence, which was denied on September 24, 1998.

   5. Jones then pursued a direct appeal to the Pennsylvania Superior Court, which affirmed the conviction and sentence by Memorandum Opinion filed August 26, 1999.

   6. No petition for allocatur was filed with the Supreme Court of Pennsylvania.

   7. On October 8, 1999, Jones filed an "Application to File Petition for Allowance of Appeal Nunc Pro Tunc.," which was denied on February 7, 2000.

Jones' conviction became final for purposes of 28 U.S.C. § 2244 on September 27, 1999, the day upon which his

petition for allocatur to the Pennsylvania Supreme Court was due. He did not file this petition for a writ of habeas corpus within one year after that date.

The petition should be denied and the Clerk of Court should be instructed to close the file.

J. Andrew Smyser
Magistrate Judge

Dated:    March  9 , 2001.

3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL L. JONES,                    : CIVIL NO. 1:00-CV-2183
                                    :
         Petitioner                 : (Judge Rambo)
    v.                              :
                                    : (Magistrate Judge Smyser)
FRANK D. GILLIS,                    :
                                    :
         Respondent                 :

**FILED HARRISBURG**
**MAR 0 9 2001**
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: ~~January~~ *March* 9, 2001.

AO 72A
(Rev 8/82)