IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL L. JONES,                    :        CIVIL NO. 1:CV-00-2183

      Petitioner              :

      v.                      :

FRANK D. GILLIS,                    :

      Respondent              :

FILED
HARRISBURG

NOV 2 7 2002

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## O R D E R

The background of this order is as follows:

On June 5, 2000, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. On July 11, 2000, that court dismissed the petition without prejudice. The court could have transferred the petition to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631. Petitioner was not notified of the disposition of his petition until he personally appeared at the office of the Clerk of Court in the Eastern District of Pennsylvania on November 11, 2000.

On December 15, 2000, he refiled his petition in the Middle District of Pennsylvania. On March 9, 2001, the magistrate judge to whom this matter was referred filed a report recommending that the petition be dismissed for failure to comply with the one year provision of 28 U.S.C. § 2244(d). This court adopted the recommendation and dismissed the petition on April 2, 2001. Petitioner claims that he did not receive the April 2, 2001 order because the order was mailed to an address where he no longer resided.

On November 22, 2002, Petitioner filed the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which governs mistakes and/or

excusable neglect.  Under this provision, the motion must be filed not more than a year after the judgment, order or proceeding was entered or taken.

Had the court known of the previous filing of a petition and its disposition in the Eastern District of Pennsylvania, equitable principles could have been applied and the statute of limitations would have been tolled[1] so that the petition filed in the Middle District of Pennsylvania would have been timely.[2] However, Petitioner faces another problem.  Under the Middle District local rules, Petitioner had an obligation to inform the Clerk of Court of any change of address. He did, however, begin making inquiries about the status of his case on August 15, 2001.  He received no response to his inquiries until November 30, 2001 when he received copies of the order issued on April 2, 2001.  Thus, Petitioner's Rule 60(b) motion filed on November 22, 2002 is timely.

**IT IS THEREFORE ORDERED THAT**:

1) The order of this court dated April 2, 2001 is **VACATED**.

2) The petition for writ of habeas corpus filed in this court on December 15, 2000, is reinstated and the Clerk of Court shall reopen the case.

---

[1] The Third Circuit has explained that equitable tolling is proper under 8 U.S.C. § 2244(d): only when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.
*Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

[2] The time tolled should be from July 11, 2000 to November 11, 2000.

    3) This matter is referred to Magistrate Judge Smyser for further
proceedings.


                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated: November  27 , 2002.