CC: Rambo, MJ Smyser, Jones, Marsico + PAAG ⑱ 12/13/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL L. JONES,                : CIVIL NO. 1:00-CV-2183
                                :
          Petitioner            : (Judge Rambo)
     v.                         :
                                : (Magistrate Judge Smyser)
FRANK D. GILLIS,                :
                                :
          Respondent            :

**ORDER**

FILED
HARRISBURG, PA
DEC 1 3 2002
MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

On December 15, 2000, the petitioner, a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By an Order dated December 27, 2000, we gave the petitioner the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered the petitioner to inform the court on or before January 19, 2001, whether he wants (1) to have his petition ruled upon as filed; (2) if his pleading is not styled as a § 2254 petition, to have his pleading recharacterized as a § 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244(b); or (3) to withdraw his petition and file one all-inclusive petition within the one-

year statutory period prescribed by AEDPA in 28 U.S.C. § 2244(d). The Order of December 27, 2000, provided that if the petitioner fails to inform the court which option he choses, we will rule on the petition as captioned.

The petitioner did not inform the court which option he chose. Thus, we construed the petition as a 28 U.S.C. § 2254 petition, as it is captioned.

By an Order dated January 24, 2001, the respondent was ordered to respond to the petition within twenty days. The respondent responded to the petition by filing a motion to dismiss the petition as untimely. By a Report and Recommendation dated March 9, 2001, it was recommended that the petition be denied as untimely under 28 U.S.C. § 2244(d). On April 2, 2001, Judge Rambo adopted our recommendation and denied the petition.

On November 22, 2002, the petitioner filed a Fed.R.Civ.P. 60 motion for relief from judgment. Concluding

that the statute of limitations should be tolled due to the filing by the petitioner of a prior petition for a writ of habeas corpus in the Eastern District of Pennsylvania, by an Order dated November 27, 2002, Judge Rambo vacated the Order of April 2, 2001 and remanded the case to the undersigned for further proceedings.

AND NOW, this 13th day of December, 2002, **IT IS HEREBY ORDERED** that:

1. The Clerk is directed forthwith to serve a copy of the petition, this Order and Judge Rambo's Order (doc. 17) by certified mail on the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Dauphin County, Pennsylvania.

2. Respondent, within twenty (20) days of the date of this Order, shall respond to the petition for writ of habeas corpus in the manner required by Rule 5, 28 U.S.C.A. foll. §2254:

   The answer shall respond to the allegations of the petition. In addition it shall state whether the

3

petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding. The answer shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the nontranscribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by the respondent with the answer.

3. A determination as to whether there will be a hearing will be made after the filing of a response.

4. Petitioner may, if he so desires, file a reply to the response within ten (10) days of its filing.

5. The Clerk is directed to note the address of the District Attorney of Dauphin County, Pennsylvania, on the front of the docket sheet in this case. **All documents filed by the**

parties and by the Court shall be served upon the District Attorney and the Office of Attorney General.

*J. Andrew Smyser*
Magistrate Judge

Dated: December 13 2002.