FILED
HARRISBURG, PA

JAN 0 2 2003

MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL L. JONES,                :
         Petitioner             :       No. 1:CV-00-2183
                                :         (Judge Rambo)
     v.                         :       (Magistrate Judge Smyser)
                                :
FRANK D. GILLIS, et al.,        :
         Respondents            :

## BRIEF IN OPPOSITION TO PETITION
## FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE J. ANDREW SMYSER, UNITED STATES MAGISTRATE JUDGE:

AND NOW, comes Edward M. Marsico, Jr., Dauphin County District Attorney, by James P. Barker, Deputy District Attorney, who files this Brief in Opposition to Petition for Writ of Habeas Corpus, and in support thereof avers as follows:

On December 15, 2000, the Petitioner, Darryl L. Jones, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Jones claims that his conviction in the Dauphin County Court of Common Pleas is in violation of the Constitution of the United States. Jones failed to fairly present any of his claims to the state courts and the time for doing so has expired, and so the claims have been procedurally defaulted. Alternatively, the claims all fail on the merits.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On September 17, 1998, a jury sitting in the Dauphin County Court of Common Pleas found the Petitioner, Darryl L. Jones, guilty of Theft by Deception, Criminal Attempt (Theft by Deception), and Forgery (three counts), in violation of 18 Pa. Cons. Stat. Ann. §§ 3922, 901, and 4101, respectively. On the same date, the Honorable Richard A. Lewis imposed an aggregate sentence of incarceration for forty-five (45) to one hundred eighty (180) months, fines of $1,700, and the costs of prosecution. A Motion for Modification of Sentence was denied on September 24, 1998.

On direct appeal to the Superior Court of Pennsylvania, Jones argued that the trial court abused its discretion in sentencing and erred in failing to suppress evidence. On August

2

26, 1999, the Superior Court of Pennsylvania affirmed the judgment of sentence.

Jones did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania. However, on October 8, 1999, Jones filed an Application to File Petition for Allowance of Appeal Nunc Pro Tunc, which was denied on February 7, 2000.

On December 15, 2000, Jones filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On March 9, 2001, the Honorable J. Andrew Smyser, United States Magistrate Judge, issued a Report and Recommendation that recommended granting Respondents' Motion to Dismiss the Petition. On April 2, 2001, the Honorable Sylvia H. Rambo adopted the Report and Recommendation and dismissed the Petition. On November 27, 2002, Judge Rambo granted Jones' post-judgment motion, found that the Petition was timely, reinstated the Petition for Writ of Habeas Corpus, and directed an Answer on the merits.

In affirming the judgment of sentence, the Superior Court adopted the opinion of the trial court as it addressed the suppression issue. The highest state court to make findings of fact, then, is the trial court, which recited the facts as follows.

> On February 7, 1998 Appellant Darryl Jones attempted to purchase a cassette tape at The Wall music store in the Harrisburg East Mall with a one-hundred dollar bill. The cashier examined the bill, determined it to be counterfeit and called mall security. When security arrived and were

shown the counterfeit bill, appellant was subsequently asked to go to the back of the store with them. Appellant explained to them that he had made change at a bus stop for one hundred dollars and received the one-hundred dollar bill in return. (N.T. at 78).

Officer Darrell Reider of the Swatara Township Police Department was present in the back of the store with the appellant, who was carrying a shopping bag. Appellant Jones indicated that he had been shopping when Officer Reider asked if he could see the bag. (N.T. at 79). Appellant then handed the bag to the officer, who found receipts from other stores demonstrating that appellant had purchased several small items with a one-hundred dollar bill. (N.T. at 79). Consequently, appellant was charged with three counts of forgery, one count of theft by deception and one count of criminal attempt (theft by deception).

...

Testimony at the pretrial suppression hearing revealed that when Officer Reider arrived at the music store, appellant was acting very nervous and was sweating "so profusely." (N.T. at 13). In fact, the officer did not initially believe anything was out of the ordinary since the bill looked genuine at first glance. (N.T. at 13). It was not until the clerk pointed out the hidden strip on the bill that the officer realized that it was a counterfeit. (N.T. at 13). In addition, appellant's responses to questions regarding where he obtained the counterfeit bill were vague. (N.T. at 15). Initially, this court finds that the officer was able to articulate adequate facts to demonstrate the reasonable suspicion necessary to detain Appellant Jones. Commonwealth v. Ellis, 662 A.2d 1043 (Pa., 1995).

Other factors heightened Officer Reider's suspicions laying the groundwork for appellant's arrest. The appellant gave a vague description of his source for the one-hundred dollar bill and he used the phony bill to purchase an item of nominal value. Appellant was also carrying a bag with other small, inexpensive items in it, some of which were purchased with $100 bills. All of these factors led the officer to conclude that probable cause existed.

> Further, Officer Reider asked appellant if he could see the bag he was carrying. Officer Reider testified that he had suspected that Appellant Jones had passed counterfeit bills in other places throughout the mall. (N.T. at 17). The officer further testified that appellant said nothing prior to and during his search of the bag and in fact cooperated with the officer as he was conducting the search. (N.T. at 18). This court finds that Appellant Jones gave nonverbal consent to Officer Reider which permitted the officer to conduct a search of the bag once appellant handed it to him. Therefore, the items removed were properly obtained at the time of the detention and were properly admitted into evidence at trial.

Respondents' Exhibit D at 1-3.

## II. QUESTIONS PRESENTED

1. DID PETITIONER PROCEDURALLY DEFAULT ALL OF HIS CLAIMS BECAUSE HE DID NOT FILE A PETITION FOR ALLOWANCE OF APPEAL TO THE SUPREME COURT OF PENNSYLVANIA?

2. DID PETITIONER PROCEDURALLY DEFAULT HIS CLAIMS DESIGNATED GROUNDS THREE THROUGH SIX BECAUSE HE NEVER FAIRLY PRESENTED THEM TO THE STATE COURTS?

3. DO ALL OF PETITIONER'S CLAIMS FAIL ON THE MERITS BECAUSE THE STATE COURT ADJUDICATION DID NOT RESULT IN A DECISION THAT WAS CONTRARY TO, OR INVOLVE AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, OR IN A DECISION THAT WAS BASED ON AN UNREASONABLE APPLICATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN STATE COURT?

## III. ARGUMENT

### (A) Standard: Exhaustion and Procedural Default

Procedural default is related to the doctrine of exhaustion. Absent a valid excuse, a petitioner under § 2254 must exhaust all of his or her claims to the state courts. 28

U.S.C. § 2254(b). See also Duncan v. Henry, 513 U.S. 364, 365-366 (1995). Claims are exhausted if they are "fairly presented" to each level of the state courts. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 122 S. Ct. 1364 (2002); Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), cert denied, 531 U.S. 1082 (2001). "Fair presentation" means that both the legal theory and the facts underpinning the federal claim are presented to the state courts and the same method of legal analysis applied in federal courts was available to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992).

However, a claim that is procedurally defaulted under state law, while technically exhausted, also may not be considered by a federal district court under § 2254; rather, the state procedural rule constitutes an independent and adequate ground for denial of relief. Gray v. Netherland, 518 U.S. 152, 161-162 (1996); Coleman v. Thompson, 501 U.S. 722, 750 (1991); Wenger at 223-224. A claim is procedurally defaulted when state law clearly forecloses state court review of the claim, Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993), if the rule is consistently or regularly applied. Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997).

### (B) Standard: Writ of Habeas Corpus

A petitioner for a writ of habeas corpus is entitled to relief under § 2254 only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States..." or "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

> [A] state court acts contrary to clearly established federal law if it applies a legal rule that contradicts our prior holdings or if it reaches a different result from one of our cases despite confronting indistinguishable facts. The statute also authorizes federal habeas corpus relief if, under clearly established federal law, a state court has been unreasonable in applying the governing legal principle to the facts of the case. A state determination may be set aside under this standard if, under clearly established federal law, the state court was unreasonable in refusing to extend the governing legal principle into a context in which the principle should have controlled.

Ramdass v. Angelone, 530 U.S. 156, 165-166 (2000)(citing Williams v. Taylor, 529 U.S. 362, 412-413 (2000)). See also Werts v. Vaughn, 228 F.3d 178, 196-197 (3d Cir. 2000)(same), cert. denied, 121 S. Ct. 1621 (2001).

### (C) Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution of the United States guarantees a criminal defendant the right to the effective assistance of counsel. A defendant who claims

7

ineffective assistance of counsel must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant. Roe v. Flores-Ortega, 528 U.S. 470, 476-477 (2000); Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Counsel's conduct must be viewed in the context of the facts of the case as of the time of counsel's conduct, and a reviewing court must be highly deferential. Flores-Ortega at 477; Strickland at 688-690. The defendant demonstrates prejudice by showing that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Flores-Ortega at 482.

### (D) Jones' Procedural Default

In Pennsylvania, a prisoner who seeks to challenge a conviction and sentence must do so by direct appeal or by way of the PCRA. See generally 42 Pa. C.S.A. § 9542 (PCRA is the sole means of obtaining collateral relief). One of the requirements for obtaining PCRA relief is that the petitioner must plead and prove that the allegation of error has not been previously litigated or waived. 42 Pa. C.S.A. § 9543(a)(3). An issue is waived if it could have been raised in prior proceedings but was not raised. 42 Pa. C.S.A. § 9544(b).

On direct appeal, Jones raised only Ground One and Ground Two before the Superior Court of Pennsylvania. However, he

8

filed no petition for allowance of appeal, and therefore failed to present his claims to the highest available state court, the Supreme Court of Pennsylvania. Jones had thirty days to file a petition for allowance of appeal, and that time is long expired. Although technically exhausted because no avenue of relief is now available, Jones has procedurally defaulted his claims. See generally O'Sullivan v. Boerckel, 526 U.S. 838 (1999)(habeas petitioner ordinarily must invoke one complete round of state appellate process, and discretionary review by highest court of state is part of that process); Wenger at 224-226 (order of Supreme Court of Pennsylvania that discretionary review was not part of ordinary appellate process for exhaustion purpose did not apply to cases in which time for requesting allowance of appeal expired prior to issuance of order in May, 2000).[1]

Even if this Honorable Court should determine that fair presentation to the Superior Court satisfies the exhaustion requirement, Jones presented only the claims designated Ground One and Ground Two. Ground Three through Ground Eight were not fairly presented and have been procedurally defaulted.

### (E) Merits

If this Honorable Court should decide to review Jones' claims, they fail on the merits.

---

[1] The Superior Court affirmed the judgment on August 26, 1999, and a petition for allowance of appeal was due thirty days thereafter, Pa.R.A.P. 1113, or in September, 1999.

9

With respect to the suppression issue, the trial court properly denied the motion to suppress. The police had reasonable suspicion to detain Jones based on the report of counterfeit money being passed. Jones consented to a search of his shopping bag during the detention. That search revealed further instances of Jones passing $100 bills for small purchases. Given Jones' prior assertion that he had obtained the counterfeit bill when he made change for someone, an apparently false statement, there was probable cause to arrest Jones. None of the evidence obtained as a result of Jones' detention was subject to suppression.

In addition, the sentence imposed on Jones was not illegal.[2] The charges of Theft by Deception and Criminal Attempt (Theft by Deception) were graded as misdemeanors of the second degree, meaning that the maximum penalty for each was two years in jail and a fine of $5,000. 18 Pa. Cons. Stat. Ann. §§ 1101(5), 1104(2). See also 18 Pa. Cons. Stat. Ann. §§ 3903(b)(1)(when value of property is between $50 and $200 dollars, theft offense is a misdemeanor of the second degree), 905(a)(attempt charge is crime of same grade as most serious offense attempted). Because it involved United States currency, the Forgery charges were graded as felonies of the second degree. 18 Pa. Cons. Stat.

---

[2] Jones argued to the Superior Court that the trial court abused its discretion in imposing sentence, not that the sentence was illegal.

10

Ann. § 4101(c). The maximum penalty for each count was ten years and $25,000. 18 Pa. Cons. Stat. Ann. §§ 1101(2), 1103(2). The total maximum penalty for all of the charges against Jones was imprisonment for 34 years and fines of $85,000. The sentence imposed was well within statutory limits and therefore was legal.

As to the discretionary aspects of sentencing, Jones has no constitutional right to a particular sentence, as long as the sentence is within statutory limits and the sentencing court did not render a decision that amounted to an arbitrary or capricious abuse of discretion. See generally Herrera v. Artuz, 171 F. Supp. 2d 146, 151 (S.D.N.Y. 2001).[3] The trial court indicated that the offense in this case was more serious than reflected in the standard guideline range because of the repetitive nature of the offense and the effect on commerce (i.e. it is necessary for sellers to rely on the validity of currency). (Exhibit A at 170-171). These considerations caused the court to impose a sentence in the aggravated range, a proper exercise of discretion based on clearly stated factors.

---

[3] Undersigned counsel was unable to locate a specific decision of the Supreme Court of the United States that established any right to a sentence other than one within statutory limits, based on accurate information, and otherwise proper procedurally. It is respectfully submitted that a sentence within statutory constraints is constitutionally firm. Even if there is a constitutional right relating to the sentencing court's exercise of discretion, the sentence in this case was a proper exercise of discretion.

Jones also raised six claims of ineffective assistance of counsel that are largely duplicative. Simply stated, he claims that his counsel at trial and on direct appeal (the same attorney) did not provide effective assistance because the sufficiency of the evidence was not preserved as an issue for appeal. These claims were not presented to the state courts despite an available and obvious avenue of relief, the PCRA. See especially 42 Pa. Cons. Stat. Ann. § 9543(a)(2)(ii) (petitioner is eligible for relief based on a claim of ineffective assistance of counsel).

Regardless, the evidence presented at trial was sufficient to support the conviction. Veronica Beamesderfer testified that she was working at The Wall when Jones passed the apparently counterfeit $100 bill to another cashier. (Exhibit A at 51-54). Tiffany J. Margaret Sullivan testified that she was working as a cashier for CVS Pharmacy when Jones used a $100 bill to pay for film. (Exhibit A at 64-65). Sullivan gave the $100 bill passed by Jones to Officer Reider. (Exhibit A at 68). Raymond Paul Morris testified that he was the manager of Rite Aid Pharmacy who retrieved a $100 bill described by the police as potentially counterfeit. (Exhbit A at 122-124). Joyce Beaver testified that she was the cashier at Rite Aid who received the $100 bill. (Exhibit A at 128-129). All of these events took place on February 7, 1998.

Special Agent Stephen Patrick White of the United States Secret Service testified that the $100 bills were counterfeit. (Exhibit A at 97-101).

This evidence was sufficient for the jury to find Jones guilty of all of the charges.

## IV. CONCLUSION

Jones has procedurally defaulted all of his claims. He did not fairly present his claims because he failed to file a petition for allowance of appeal to the Supreme Court of Pennsylvania on direct appeal and never filed a PCRA petition. Because the time for presenting his claims to the state courts has expired, Jones' claims are technically exhausted but procedurally defaulted.

Even if this Honorable Court concludes that Jones was not required to petition for allowance of appeal, Jones never raised the claims designated Ground Three through Ground Eight, inclusive, in the state courts. Though technically exhausted, these claims are procedurally defaulted.

If reviewed on the merits, each of Jones' claims fails. The trial court properly denied his motion to suppress because his detention was lawful. The sentence imposed by the trial court was within statutory limits. Finally, Jones' claims of ineffective assistance of counsel all are based on purported

insufficiency of the evidence.  Because there was sufficient evidence, counsel was not ineffective for failing to preserve and raise the issue on appeal.

WHEREFORE, Respondents respectfully request that this Honorable Court enter an Order denying the Petition for Writ of Habeas Corpus.

Respectfully submitted,

*James P. Barker*

James P. Barker
Deputy District Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL L. JONES,
    Petitioner

v.

FRANK D. GILLIS, et al.,
    Respondents

No. 1:CV-00-2183
(Judge Rambo)
(Magistrate Judge Smyser)

**CERTIFICATE OF SERVICE**

    This is to certify that a copy of the Respondents' Brief in Opposition to Petition for Writ of Habeas Corpus in the above-captioned matter was sent, on the below stated dated, to the Petitioner, Darryl L. Jones, DT-3384, at the State Correctional Institution at Coal Township, 1 Kelley Drive, Shamokin, Pennsylvania 17872

*/s/ James P. Barker*
James P. Barker
Deputy District Attorney
Dauphin County Court House
Front and Market Streets
Harrisburg, Pennsylvania 17101
(717) 780-6767
Attorney for Respondents

Dated: January 2, 2003