```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DARRYL L. JONES,            : CIVIL NO. **1:00-CV-2183**
                            :
         Petitioner         : (Judge Rambo)
    v.                      :
                            : (Magistrate Judge Smyser)
FRANK D. GILLIS,            :
                            :
         Respondent         :


**REPORT AND RECOMMENDATION**


On December 15, 2000, the petitioner, a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By an Order dated December 27, 2000, we gave the petitioner the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered the petitioner to inform the court on or before January 19, 2001, whether he wants (1) to have his petition ruled upon as filed; (2) if his pleading is not styled as a § 2254 petition, to have his pleading recharacterized as a § 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244(b); or (3) to withdraw his petition and file one all-inclusive petition within the one-

year statutory period prescribed by AEDPA in 28 U.S.C. § 2244(d).  The Order of December 27, 2000, provided that if the petitioner fails to inform the court which option he choses, we will rule on the petition as captioned.

The petitioner did not inform the court which option he chose.  Thus, we construed the petition as a 28 U.S.C. § 2254 petition, as it is captioned.

By an Order dated January 24, 2001, the respondent was ordered to respond to the petition within twenty days.  The respondent responded to the petition by filing a motion to dismiss the petition as untimely.  By a Report and Recommendation dated March 9, 2001, it was recommended that the petition be denied as untimely under 28 U.S.C. § 2244(d).  On April 2, 2001, Judge Rambo adopted our recommendation and denied the petition.

On November 22, 2002, the petitioner filed a Fed.R.Civ.P. 60 motion for relief from judgment.  Concluding

that the statute of limitations should be tolled due to the filing by the petitioner of a prior petition for a writ of habeas corpus in the Eastern District of Pennsylvania, by an Order dated November 27, 2002, Judge Rambo vacated the Order of April 2, 2001 and remanded the case to the undersigned for further proceedings.

By an Order dated December 13, 2002, the respondent was again ordered to respond to the petition within twenty days. The Order of December 13 2002, also provided that the petitioner may file a reply to the response within ten days of its filing.

The respondent filed an answer to the petition on January 2, 2003.   The petitioner has not filed a reply.

On September 17, 1998, the petitioner was convicted in the Court of Common Pleas of Dauphin County of three counts of forgery, one count of theft by deception and one count of criminal attempt (theft by deception). *Commonwealth v. Jones*,

1501 Harrisburg 1998, slip op. at 1 (Pa.Super.Ct. Aug. 16, 1999). The petitioner received an aggregate sentence of 45 months to 180 months imprisonment. *Id.*

The petitioner filed a motion to modify his sentence, which motion was denied. *Id.* The petitioner then filed an appeal to the Pennsylvania Superior Court. *Id.* The petitioner raised the following two issues: 1) whether the trial court abused its discretion by sentencing him to a sentence in the aggravated range of the state sentencing guidelines and by imposing consecutive sentences; and 2) whether the trial court erred by failing to suppress evidence obtained while he was detained, searched and questioned. *Id.*

The petitioner did not file a timely petition for allowance of appeal to the Pennsylvania Supreme Court. *Doc. 21* at ¶6. The petitioner did file an application to file a petition for allowance of appeal nunc pro tunc. *Id.* at ¶7. The Pennsylvania Supreme Court denied the nunc pro tunc application to file a petition for allowance on February 7, 2000. *Id.*

The respondent argues that the petitioner has procedurally defaulted his claims. In the alternative, the respondent argues that the petitioner is not entitled to habeas relief on the merits of his claims.

The petitioner raises the following claims: 1) the trial court abused its discretion and denied the petitioner due process and equal protection of the law by failing to suppress evidence obtained in violation of the Fourth Amendment; 2) the trial court abused its discretion and denied the petitioner due process and equal protection by sentencing him to a sentence in the aggravated range of the state sentencing guidelines and by imposing consecutive sentences; 3) petitioner's trial counsel provided ineffective assistance of counsel by failing to raise and preserve a challenge to the sufficiency of the evidence on the three forgery convictions; 4) the petitioner's direct appeal counsel provided ineffective assistance of counsel by failing to raise and preserve the issue of trial counsel's ineffectiveness; 5) petitioner's direct appeal counsel provided ineffective assistance of counsel by failing to raise and

preserve a challenge to the sufficiency of the evidence on the three forgery convictions; and 6) petitioner's direct appeal counsel provided ineffective assistance of counsel by failing to file a timely petition for allowance of appeal in the Pennsylvania Supreme Court raising and preserving the above issues.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c).  This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").

In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To be fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845. Generally, this means that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id*. at 839-40.

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been

7

'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"). A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.* Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*

The petitioner presented the first two claims that he is raising in the instant petition to the Pennsylvania Superior Court. He has not presented any of the other claims that he is raising in the instant petition to any state court. Because it appears that any Post Conviction Relief Act petition filed by the petitioner would be untimely, *see 42 Pa.C.S.A. § 9545(b)*

*(petition must be filed within one year of the date judgement becomes final),* we conclude that the petitioner has procedurally defaulted these claims.

Although the petitioner presented the first two claims that he is raising in the instant petition to the Pennsylvania Superior Court, he has not presented those claims to the Pennsylvania Supreme Court in a procedurally correct manner. The petitioner did seek leave to file a petition for allowance of appeal nunc pro tunc. However, the Pennsylvania Supreme Court denied the petitioner leave to file a petition for allowance of appeal nunc pro tunc. Under these circumstances, the claims were not fairly presented to the Pennsylvania Supreme Court. *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001)("noting that prisoner sought leave for permission to file a petition for allowance of appeal out of time and that the Pennsylvania Supreme Court denied permission and stating that "[u]nder those circumstances, the claims were not fairly presented to the state supreme court."), *cert. denied,* 535 U.S. 957 (2002).

On May 9, 2000, the Pennsylvania Supreme Court promulgated Order 218, which provides in pertinent part:

> [W]e hereby declare that in all appeals from criminal conviction or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance or appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error.  When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

*In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1* (Pa. May 9, 2000).

In *Wenger v. Frank*, 266 F.3d 218, 226 (3d Cir. 2001), *cert. denied,* 535 U.S. 957 (2002), the United States Court of Appeals for the Third Circuit held that "Order 218 does not apply in cases in which the time to petition for review by the state supreme court expired prior to the date of the order." In the case sub judice, the petitioner's time for filing a

petition for allowance of appeal expired before the date of Order 218. Therefore, the petitioner cannot avail himself of Order 218. As a result, the petitioner's first two claims are procedurally defaulted and hence unreviewable absent a showing of cause and prejudice or that a miscarriage of justice would result.

The petitioner has not shown cause[1] and prejudice or a fundamental miscarriage of justice to excuse the default of any of his claims. Thus, it will be recommended that the petition for a writ of habeas corpus be dismissed.

---

1. To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Ineffective assistance of counsel may meet this standard but only if the ineffective assistance of counsel claim has been exhausted in the state courts as an independent claim. *Id.* In the instant case, the petitioner can not establish ineffective assistance of counsel as cause for his failure to present his defaulted claims to the Pennsylvania courts because the petitioner has not exhausted such ineffective assistance claims in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself.").

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated:  March 10, 2003.