UNITED STATES DISTRICT COURT FOR *2 to Ce*
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL L. JONES | : | CIVIL No. 1:00-CV-2183 |
| PETITIONER | : | |
| V. | : | (JUDGE RAMBO) |
| | : | |
| FRANK D. GILLIS | : | |
| RESPONDENT | : | (MAGISTRATE JUDGE SMYSER) |

FILED
HARRISBURG, PA
APR 0 8 2003
MARY E. D'ANDREA, CLERK
Per _____

## OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION FOR DISMISSAL OF PETITIONER'S WRIT OF HABEAS CORPUS RELIEF UNDER 28 U.S.C.A. § 2254.

**NOW COMES,** the petitioner, Darryl L. Jones, and pursuant to Fed. R.Civ.P. 72(b), 28 U.S.C.A. § 636(b)(1), and respectfully submits the following objections to the Magistrate's Report and Recommendation on the petitioner's Writ of habeas corpus petition, that attacks the judgment, for relief under 28 U.S.C.A. § 2254.

## OBJECTION:

### 1. THE PRESENT MOTION IS NOT PROCEDURALLY BARRED.

The petitioner objects to the Magistrate Judge's Report and Recommendation, Dated March 10, 2003, that petitioner is procedurally barred in this instant habeas corpus motion that attacks the judgment of his conviction. Petitioner was and is entitled to an direct appeal under the Pennsylvania Constitution, Article V, Section 9, and has a United States Constitutional right to effective assistance of counsel on direct appeal, as is protect under the Unites States

Constitution, 6th Amendment, also see, Evitts v. Lucey, 469 U.S. 387, 396, 103
S.Ct. 830, 83 L.Ed.2d 821 (1985). Petitioner also claims that he was denied
effective assistance of counsel under 42 Pa. R.Crim.P., Rule 120, and pursuant
to recent decision handed down by the Pennsylvania Superior in Comm. v.
Librizzi, 810 A.2d 692, which clearly stated the following:

> "We remind and admonish all counsel, both
> privately retained and court appointed, that, once
> an appearance is entered, the attorney is
> responsible to diligently and competently
> represent the client until his or her appearance
> is withdrawn. Rules of Professional Conduct 1.1
> and 1.3. This responsibility includes filing an
> appeal when client so requests. Counsel is also
> reminded that an appearance may be withdrawn only
> by leave of court. Pa.R.Crim.P. 120."

As this Honorable Court can clearly see that counsel never filed an Petition for
Allowance of Appeal as requested to do so by petitioner and causing petitioner
to file a Motion for Leave to file a Petition for Allowance of Appeal Nunc Pro
Tunc, which was denied. The Pennsylvania Supreme Court has long interpret the
rule of effective assistance of counsel to include a Petition for Allowance of
Appeal. See, Comm. v. Daniels, 491 Pa. 289, 420 A.2d 1323 (1980), also see Comm.
v. Hickox, 433 Pa. 114, 249 A.2d 777 (1969).

Because of counsel's failure to file a Petition for Allowance of Appeal as
requested for by petitioner and also did not follow the procedures set forth in
Anders v. California, 87 S.Ct. 1396 (1967), on how to withdraw from petitioner's
case to allow petitioner an opportunity to file a timely petition. This action
by counsel cause petitioner to file a Motion for Leave to file an Petition for
Allowance of Appeal Nunc Pro Tunc which was denied. However when the petitioner
learned that he would be without the assistance of counsel on appeal and that
counsel abrupt abandonment jeopardized adherance to procedural constraints,
petitioner availed himself of the sole corrective process by filing for
allowance of appeal nunc pro tunc, which the Supreme court denied. This action

by counsel has prejudiced petitioner, which in turn prompted the Pa. Supreme

Court to deem petitioner's subsequent petition as untimely.


2. THE MAGISTRATE JUDGE FAILED TO ADDRESS THE FACT
   THAT PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED
   WHEN HE WAS DENIED ASSISTANCE OF COUNSEL ON DIRECT
   APPEAL.

Your petitioner never waived his right to counsel nor did he invoke

his right to self-representation, <u>Faretta v. California</u>, 422 U.S. 806, 835,

95 S.Ct. 2525, (1975). Nevertheless, counsel was permitted to withdraw as

counsel without follow the proper procedures or filing a Notice to withdraw with

the courts, as per 42 Pa.R.Crim.P., Rule 120 (C):

> Rule 120 (C), Counsel for a defendant may not
> withdraw his or her appearance except by leave
> of court. Such leave shall be granted only upon
> motion made and served on the attorney for the
> Commonwealth and the client, unless the interests
> of justice otherwise require.

Appellate counsel was never appointed and this cause petitioner to proceed pro

se, which than cause the 30 filing period to expire. The Supreme Court's

decision to deny petitioner's petition nunc pro tunc in which petitioner was

unrepresented by counsel, is being view by Magistrate Judge Smyser as an

obstacle to a review of the substantive issues in this motion. If the petitioner

had received counsel to which he was entitled on direct appeal, it is submitted

that a very different outcome and opinion would have been rendered, or in the

minimum the Pa. Supreme Court would have had the opportunity to resolve the

issues now before this Honorable Court.


3. Exhaustion of available state remedies in this instant case means the first

opportunity to present claims of ineffective assistance of counsel of trial

counsel as counsel's failure to protect petitioner's rights is now being

contested at this first opportunity, <u>Parrish v. Fulcomer</u>, 150 F.3d 326, 328(3rd Cir. 1998). The Court in <u>Parrish</u> held that because petitioner's contention involved the legal component of an ineffective assistance of counsel claim, the court exercised plenary review.

But for counsel's actions, petitioner would not be substantially prejudiced and his right to appeal and right to counsel on appeal would not have been at issue before this Honorable court.

### CONCLUSION

Based on the objections set forth herein, as well as the arguments and authorities presented in petitioner's prior filings with this Court, the petitioner respectfully requests that this Honorable Court reject the Magistrate's Report and Recommendation, and grant petitioner an evidentiary hearing on this motion, (if this Court deems one necessary), and grant the Petitioner's Motion for Habeas Corpus relief under Section 2254. In the alternative, this Court is urged to remand the matter to the Magistrate Judge to make further findings.

Respectfully Submitted

Darryl L. Jones

Dated: 04-05-03



CERTIFIED MAIL

7002 0460 0000 2035 1446

DARRYL L. JONES
1 Kelly Drive /AT-3384
Coal Township, PA 17866-1021

"INMATE MAIL"
PA DEPT. OF CORRECTIONS

FILED
HARRISBURG, PA

APR 0 8 2003

MARY E. D'ANDREA, CLERK
Per _____

Office of The Clerk

U.S. District Court

Middle District of PA



228 Walnut Street

P.O. Box 983

Harrisburg, PA 17108