IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRYL L. JONES,**   :   **CIVIL NO. 1:CV-00-2183**
:
**Petitioner**   :
:
v.   :
:
**FRANK D. GILLIS,**   :
:
**Respondent**   :

# O R D E R

Before the court is a petition filed pursuant to 28 U.S.C. § 2254 in which Petitioner makes the following claims: (1) the trial court abused its discretion and denied Petitioner due process and equal protection of the law by failing to suppress evidence obtained in violation of the Fourth Amendment; (2) the trial court abused its discretion and denied Petitioner due process and equal protection by sentencing him to a sentence in the aggravated range of the state sentencing guidelines and by imposing consecutive sentences; (3) Petitioner's trial counsel provided ineffective assistance of counsel by failing to raise and preserve a challenge to the sufficiency of the evidence on the three forgery convictions;

(4) Petitioner's direct appeal counsel provided ineffective assistance of counsel by failing to raise and preserve the issue of trial counsel's ineffectiveness;

(5) Petitioner's direct appeal counsel provided ineffective assistance of counsel by failing to raise and preserve a challenge to the sufficiency of the evidence on the three forgery convictions; and (6) Petitioner's direct appeal counsel provided ineffective assistance of counsel by failing to file a timely petition for allowance of appeal in the Pennsylvania Supreme Court raising and preserving the above issues.

The magistrate judge to whom this matter was referred found that Petitioner presented the first two claims raised in the instant petition to the Pennsylvania Superior Court but not the other claims. No Post Conviction Relief Act ("PCRA") petition was filed by Petitioner. Petitioner did seek leave to petition for allowance of appeal *nunc pro tunc* to the Pennsylvania Supreme Court on the first two claims. This request was denied.

Claims numbered three through six have not been presented to the state courts; therefore, exhaustion of available state remedies as to those claims has not been accomplished. Title 28 U.S.C. § 2254(b).

Petitioner presented the first two claims to the Pennsylvania Superior Court but his petition to the Pennsylvania Supreme Court for allowance of appeal *nunc pro tunc* was denied as untimely. As noted above, no PCRA petition was filed, and the magistrate judge found that such relief would be untimely. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). The magistrate judge concluded that Petitioner procedurally defaulted on these claims and recommended that the petition for writ of habeas corpus be dismissed.

Petitioner has filed objections to the report and recommendation of the magistrate judge. Petitioner basically argues that he should not be found to have procedurally defaulted on his claims because the default occurred due to incompetent counsel.

In *Murray v. Carrier*, 477 U.S. 478 (1986), the Court stated: "However, we think that the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 488-89.

Petitioner has not presented his ineffective assistance of counsel claim to the Pennsylvania courts.  Accordingly, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) The petition for writ of habeas corpus is dismissed.

3) This court declines to issue a certificate of appealability.

4) The Clerk of Court shall close the file.

                                                  s/Sylvia H. Rambo
                                                  Sylvia H. Rambo
                                                  United States District Judge

Dated:  June 6, 2003.